## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

United States of America,

      Plaintiff,

v.

Robiel Lee Williams (2),

Quijuan Hosea Bankhead (3),

Phyu Win Jame (5),

Fo'Tre Devine White (6),

Amaya Tiffany-Nicole Mims (7),

Shardai Rayshell Allen (8),

      Defendants.

Case No.  23-CR-00367 (JMB/JFD)

## TRIAL NOTICE AND
## PRETRIAL ORDER

---

Timothy Campbell Warner, United States Attorney's Office, Minneapolis, MN, for Plaintiff United States of America.

Kenneth U. Udoibok, Kenneth Ubong Udoibok, P.A., Minneapolis, MN, for Defendant Robiel Lee Williams.

Glenn P. Bruder, Mitchell, Bruder & Johnson, Eden Prairie, MN, for Defendant Quijuan Hosea Bankhead.

Lousene M. Hoppe, Fredrikson & Byron, P.A., Minneapolis, MN, for Defendant Phyu Win Jame.

Catherine L. Turner, Attorney at Law, Minneapolis, MN, for Defendant Fo'Tre White.

Steven J. Wright, Law Office of Steven J. Wright, Minneapolis, MN, for Defendant Amaya Tiffany-Nicole Mims.

Ryan M. Pacyga, Ryan Pacyga Criminal Defense, Eagan, MN, for Defendant Shardai Rayshall Allen.

This case is scheduled for trial beginning on **Wednesday, March 19, 2025, at 9:00 a.m.**, in Courtroom 3A of the Warren E. Burger Federal Building and U.S. Courthouse, 316 N. Robert Street, St. Paul, Minnesota.

IT IS HEREBY ORDERED THAT:

1. The parties must act in good faith and with the utmost civility. During the pretrial phase (including when working toward joint submissions, as required by the Court, below) and during trial (both in and out of the presence of the jury), all attorneys and parties must show respect for each other, the Court, and all court staff.

2. All attorneys who will participate in the trial must attend the Pretrial Conference scheduled for **Wednesday, March 5, 2025, at 9:00 AM**, in Courtroom 3A of the Warren E. Burger Federal Building and United States Courthouse, 316 N. Robert Street, St. Paul, Minnesota 55101. At the Pretrial Conference, the Court will hear arguments concerning the parties' motions in limine as well as any other disputed pretrial and evidentiary issues. For any exhibits whose admission the parties dispute, the proponent of each exhibit shall provide to the Court two courtesy copies of the disputed exhibits, which are to be unstapled, tabbed, and inserted into a three-ring binder, at least one business day in advance of the Pretrial Conference. If there are redacted filings, the Court needs courtesy copies only of the sealed filings.

3. On or before **Monday, February 10, 2025**, the parties must exchange the following five documents: (1) Exhibit Lists; (2) Witness Lists; (3) Proposed Voir Dire; (4) Proposed Jury Instructions; and (5) Proposed Verdict Forms. In addition, the parties shall make all listed exhibits—including any anticipated demonstrative exhibits and exhibits marked for identification during potential impeachment—available for examination and copying.

   a. The parties shall label their first exhibit as ether "G-1" or "D-1" and number all subsequent exhibits sequentially. The case number must appear on each exhibit. No exhibit may be offered at trial unless it is identified on a party's exhibit, absent good cause to excuse the omission.

   b. The Witness List shall include the names of the witnesses that each party intends to call at trial, their places of employment, and a brief description of the substance of their expected testimony. No person

may testify at trial unless they are identified on a party's Witness List, absent good cause to excuse the omission.

c.    The parties shall confer and make every effort to resolve disagreements over these five items.

4.    On or before **Tuesday, February 18, 2025**, the parties shall file the following seven pretrial documents: (1) Exhibit List; (2) Witness List; (3) Motions in Limine and Supporting Legal Argument; (4) Joint Proposed Voir Dire; (5) Joint List of Parties, Attorneys, and Other Legal Professionals; (6) Joint Proposed Jury Instructions; and (7) Joint Proposed Special Verdict Form.

The following additional instructions apply:

a.    <u>Exhibit List</u>. Each party must file their list of exhibits. The parties are encouraged to stipulate to the foundation and/or admissibility of as many exhibits as possible. The parties should also use the form on the Court's website (https://www.mnd.uscourts.gov/forms/exhibit-list) and list each exhibit separately. Further, each party must submit a copy of the Exhibit List, in Microsoft Word format, by email to Judge Bryan's chambers at bryan_chambers@mnd.uscourts.gov. Note that, at the end of trial, each party shall file a final Exhibit List including only those exhibits admitted into evidence at trial. In addition, at the end of the trial, each party shall submit an external flash drive containing the final Exhibit List and electronic copies of that party's admitted documentary exhibits. A laptop will be provided to the jurors so they can view this evidence.

b.    <u>Witness List</u>. Each party must file their list of witnesses. The parties are encouraged to stipulate to the admissibility of as much testimony as possible. The parties should also use the form on the Court's website (https://www.mnd.uscourts.gov/forms/witness-list), and each party must submit a copy of the Witness List, in Microsoft Word format, by email to the chambers email address. Note that, at the end of trial, each party shall file a final Witness List including only those witnesses who testified at trial.

c.    <u>Motions in Limine and Supporting Legal Argument</u>. Each party must file a motion in limine to raise an objection to anticipated trial evidence. Each motion in limine must be limited to a single, discrete issue and shall include the legal argument in support of the motion; there is no need to file a separate brief. Likewise, there is no need to

file a Notice of Hearing because motions in limine will be addressed at the Pretrial Conference. If a party wishes to raise more than one motion in limine, each motion shall be sequentially numbered and filed separately. Neither party may file more than ten motions in limine without first obtaining leave from the Court. No motion in limine may exceed 3,000 words. Failure to support a motion in limine with legal authority may result in denial of the motion. Finally, failure to raise objections to the admission of an anticipated exhibit or witness testimony through a motion in limine may result in an adverse ruling to an objection made during the trial.

d.  <u>Joint Pretrial Documents.</u>  The parties must jointly file all of the following on ECF, and they shall submit a copy of each, in Microsoft Word format, by email to the chambers email address:

   i.  <u>Joint Proposed Voir Dire</u>.  The parties must jointly file any questions that it requests the Court to ask prospective jurors during jury selection.[1]

   ii.  <u>Joint List of Parties, Attorneys, and Other Legal Professionals</u>. The parties must jointly file an alphabetized list of the names of all parties, attorneys representing the parties, and legal professionals involved in the matter. The parties shall include any and all attorneys who will actively participate in the trial as well as any and all attorneys and other legal professionals who may be present during the trial or who assisted in the parties' trial preparation. Judge Bryan may provide this list to prospective jurors during jury selection.

   iii.  <u>Joint Proposed Jury Instructions</u>.  The parties must jointly file one set of proposed jury instructions, to include preliminary instructions, instruction to be given during trial, and final instructions. Each proposed instruction must be numbered, appear on a separate page, and identify supporting legal authority. Citations to any model jury instructions must be to the current version unless the instruction is accompanied by an

---

[1] The Court will require all jurors to answer a list of standard questions. In addition, the Court may ask general questions concerning jury service, burden and standard of proof, and other legal principles that jurors must follow. The Court may also ask certain case-specific questions when relevant and necessary. Finally, the Court may permit brief, attorney-conducted voir dire. To the extent possible, the parties should include all proposed Court-conducted voir dire questions as well as anticipated attorney-conducted voir dire questions in their pretrial submissions.

explanation for citing an older version. Any language added to or deleted from a model instruction must be noted in boldface or italics and accompanied by a brief explanation as well as the legal authority on which the proposed modification is based.

iv.  <u>Joint Proposed Special Verdict Form</u>. The parties must jointly file one proposed special verdict form.

e.  <u>Failure to Reach Agreements</u>. As noted above, the parties are expected to make every effort to resolve disagreements. However, in the event that the parties are unable to reach an agreement, thereby preventing joint submission of any of the four Joint Pretrial Documents listed above in part 4(d), the following additional instructions apply:

i.  The parties must file a statement confirming that they met and conferred, but they were unable to reach an agreement.

ii.  Each party must separately file on ECF the document or documents that could not be submitted jointly and submit a copy of the document or documents, in Microsoft Word format, by email to the chambers email address.

iii.  Each party must file a brief in support of their respective proposals. No brief may exceed 3,000 words. Failure to support a separately filed document with binding legal authority may result in denial of the requested proposal.

5.  Also on or before **Tuesday, February 18, 2025**, the Government shall file a Trial Brief detailing the anticipated evidence to be presented during the Government's case-in-chief and any necessary legal argument regarding anticipated disputed or unusual trial issues. A trial brief by the Defendant is optional, but if one is filed, it is also due at this time.

6.  On or before **Monday, February 24, 2025**, the parties shall submit responses to the opposing party's trial brief, motions in limine, and any separately proposed voir dire, jury instructions, and/or verdict form.

Dated: January 10, 2025

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court